UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO:     Counsel of Record; Roslyne Atilus, Esq.

FROM:   Judge Peter J. Messitte

RE:     <u>Wolfson Freight LLC v. Paccar Inc.,</u>
        No. 24-cv-1800

DATE:   July 25, 2024

\* \* \*

On June 20, 2024, this negligence and products liability action arrived in this Court after Defendant Paccar Inc. removed the case from the Circuit Court for Prince George's County. ECF No. 1. Shortly after filing its notice of removal, Paccar filed a Motion to Dismiss for failure to state a claim. ECF No. 8. Plaintiff Wolfson Freight LLC (Wolfson) did not respond to Paccar's Motion within the time allotted for it to do so pursuant to the Court's Local Rules. *See* D. Md. Local R. 105.2(a).

Instead, on July 19, 2024, Wolfson filed a Motion to Remand to State Court. ECF No. 14. The Motion is signed by an attorney, Roslyn Atilus, Esq., who purports to represent Wolfson, though she has not entered an appearance on Wolfson's behalf in this matter. Wolfson's Motion argues that the case should be remanded to state court because, although Wolfson is a limited liability company formed under the laws of Maryland, and Paccar is a Delaware corporation with a principal place of business in the State of Washington, complete diversity of citizenship as required by 28 U.S.C. § 1332 is defeated by the fact that Paccar regularly conducts business in Maryland. In the alternative, Wolfson says that Paccar has failed to carry its burden, as the party invoking the Court's jurisdiction, to show that the amount in controversy exceeds $75,000 because Wolfson's Complaint "fails to plead a specific amount of damages." ECF No. 14 at 4.

Although the time for Paccar to respond to Wolfson's Motion has not yet expired, the Court will *sua sponte* **DENY** the Motion.

As an initial matter, the Court notes that Wolfson's Motion has been filed by an attorney who has not yet entered an appearance and thus is not an "attorney of record," in violation of Federal Rule of Civil Procedure 11(a) and the Court's Local Rule 102.1(a). That failure is itself sufficient reason to deny the Motion.

Setting aside this deficiency and, as a strong suggestion of what is likely to come, the Court suggests that Wolfson's arguments are patently meritless. Wolfson's Complaint, in paragraph 21,

1

explicitly demands "over $82,000 in total repairs and expenses," among other damages. Thus, the $75,000 amount-in-controversy requirement is satisfied on its face. Further, by Wolfson's own admission, the parties *are* completely diverse. There is no dispute that Wolfson is a Maryland-based limited liability company, and Paccar is a Delaware corporation with a principal place of business in the State of Washington. The question of whether Paccar "regularly conducts business" in Maryland speaks to *personal* jurisdiction, not to diversity of citizenship for purposes of the Court's *subject matter* jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *cf. Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (identifying "whether the defendant deliberately engaged in significant or long-term business activities in the forum state" as a pertinent factor under the personal jurisdiction inquiry).

If Wolfson intends to pursue its claims against Paccar, it is obliged do so in this Court, and it must do so in compliance with the Federal Rules of Civil Procedure and the Court's Local Rules. As indicated, the time ordinarily allotted to a plaintiff like Wolfson to respond to a motion to dismiss has long since expired. However, there is some question whether Wolfson was timely notified of Paccar's dispositive motion, as the Clerk's Rule 12/56 Notice was returned as undeliverable on July 8, 2024. *See* ECF No. 12.

Accordingly, the Court **ORDERS**:

1. Wolfson's Motion to Remand to State Court (ECF No. 14) is **DENIED**;
2. Wolfson **SHALL**, within seven (7) days of this Order, arrange for an attorney, whether Ms. Atilus or someone else, to enter an appearance on its behalf in this case; and
3. Wolfson **SHALL**, within fourteen (14) days of this Order, file its response, if any, to Paccar's Motion to Dismiss.

Wolfson and Ms. Atilus are reminded that all future filings must strictly comply with the Federal Rules of Civil Procedure and the Court's Local Rules and that any further inappropriate deviations from the rules may result in sanctions, including possible dismissal of Wolfson's claims.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly and to send a copy of this Order to Wolfson Freight LLC, 6801 Oak Hall Lane #222, Columbia, MD 21045, and to Roslyne Atilus, Esq., at her email address (roz@remuslaw.com) and her mailing address, 1629 K Street, Suite 303, Washington, DC 20006.

Peter J. Messitte
United States District Judge

CC: Court file
    Counsel of Record